JESSE BENTON v. M. JAMESON.

**Parol Exchange of Land.**
> The only principle upon which appellant was entitled to relief was upon the restoration of the land he obtained from the appellee to him, and an equitable interest and settlement of rents and improvements by each party.

**Judgment for Sale of Land from Quarterly Courts.**
> Land cannot be sold under an execution on a judgment from a quarterly court.

APPEAL FROM ESTILL CIRCUIT COURT.

June 13, 1866.

OPINION OF THE COURT BY JUDGE PETERS:

By the opinion of this court, delivered in this case heretofore, it was settled that the controversy had grown out of a parol exchange of land, and the only principle upon which appellant was entitled to relief as the case was then presented, if at all, was upon the restoration of the land he obtained from appellee to him, and an equitable estimate and settlement of rents and value of improvements made by each party on the respective tracts, etc.

Upon the return of the case to the court below, instead of tendering a restoration to Jameson of the land on Red Lick creek, he sets up a claim against him, as a lien upon the land, for $50 alleged to have been paid to one Dillion more than twenty years before the claim was asserted. And a loss of the land by virtue of a sale thereof, under an execution, issued by the judge of the Estill quarterly court, on a judgment of said court, which sale was made in July, 1853, at which one Park, son-in-law of appellant, was purchaser, and to whom, it appears, he surrendered the possession, although it does not appear that the sheriff ever executed a deed to Park, or that he was paid the amount bid. And this sale and purchase is set up by appellant as having divested him of any right to the land and as a cause for the restoration to him of the Crooked Creek tract of land, without restoring the other tract to appellee. Park, we apprehend, acquired nothing by his pretended purchase under the sheriff sale.

Section 845, Civil Code, provides that " land shall not be levied on, or sold under execution from a *quarterly*, or justice's court, or any court of similar jurisdiction," and the next section provides how such judgment may be satisfied by a sale of the lands of defendants therein, but the mode there prescribed was not pursued in this case.

As, therefore, appellant failed to offer a restoration of the land · which he got of appellee on Red Lick creek, and offered no sufficient reason for failing to do so, and as, moreover, he may have by surrendering possession of it to Park put it out of his power to restore the land to Jameson, he did not show himself entitled to the relief sought.

Wherefore, the judgment dismissing his petition is affirmed.